IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS IVAN JAMES,            )<br>              Plaintiff,              )<br>       v.                                    )<br>C.O. LYNCH, et al.,                )<br>              Defendants.            )<br>_____ ) | No. C 07-3821 MJJ (PR)<br>**ORDER OF DISMISSAL**<br>**(Docket No. 2)** |

    Plaintiff, a California prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was disciplined for violating prison rules against the possession of alcohol, and that as a result of this discipline he lost 91 days of good time credits. He alleges that these disciplinary measures were taken after defendants conducted an improper search of his cell, planted the evidence, used racial profiling, and engaged in other conduct violating his constitutional rights.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). The two remedies are not always mutually exclusive, however. Id. at 1031. The Supreme Court has

consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A time credit claim, such as the claim raised herein, affecting the legality or duration of a prisoner's custody, the successful determination of which would result in entitlement to an earlier release, must be brought in habeas. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990); see also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition). As plaintiff's claims herein implicate the loss of time credits and the duration of his custody, his claims are properly brought in a habeas action, not in a civil rights complaint.

A civil rights complaint seeking habeas relief should be dismissed without prejudice to the prisoner's bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, plaintiff's complaint is DISMISSED without prejudice to refiling in a petition for a writ of habeas corpus after he has exhausted such claims in the state courts.[1] In light of this dismissal, the application to proceed in forma pauperis is DENIED, and no fee is due.

The clerk shall close the file and terminate docket number 2 and any other pending motions.

IT IS SO ORDERED.

DATED:    8/9/2007

_____
MARTIN J. JENKINS
United States District Judge

---

[1] Plaintiff has filed a habeas petition in this court challenging the same disciplinary actions challenged herein, No. C 06-7315 MJJ (PR), which is currently pending. The Court further notes the instant action is duplicative of a prior civil rights action that was also dismissed without prejudice to filing a habeas case, No. 06-7314 MJJ (PR). Consequently, the instant action is also dismissed as duplicative. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

N:\MJJ\HC Orders\jamescurtis2.dsm.wpd        2